# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| RALPH HUGH BROWN, ) | Bankruptcy Case No. 10-16745  EEB |
| AUDRA TERESA BROWN, ) | Chapter 7 |
| ) | |
| Debtors. ) | |

## ORDER ON OBJECTIONS TO PROOFS OF CLAIM

THIS MATTER comes before the Court on the Debtors' Objections to Proofs of Claim 1, 4, 7, 8, 9 and 10 ("Claim Objections").  The Court, being advised in the premises FINDS and CONCLUDES:

The Debtors originally objected to all of the Proofs of Claim filed in this case on the basis that they lacked supporting documentation.  After the Debtors' objections were filed, the holders of Proofs of Claim 1, 4, 7, 8, 9 and 10 (the "Claims") amended their Proofs of Claim, providing at least some documentation of the amounts claimed.  The chapter 7 also trustee filed responses objecting to the Debtors' attempt to disallow the Claims, in which U.S. Bank joined as to its claims (Proofs of Claim 4, 7 and 8).  Discover Bank also objected (Proof of Claim 1).

At a non-evidentiary hearing on April 21, 2011, the Court ordered the Debtors to file a Supplement listing, as to each particular claim, the specific deficiencies and rules they believed had been violated.  The claimants were given two weeks after the filing of the supplement to renew their objections and/or file amended Proofs of Claim.  In response, U.S. Bank filed a consolidated objection and further amended Proofs of Claim 4, 7 and 8.  Discover Bank (Proof of Claim 1), Recovery Management Systems Corporation (Proof of Claim 9) and American Infosource LP (Proof of Claim 10) filed nothing further.  The Court held a hearing on October 17, 2011 to determine the status of the Objections.  At such hearing, Debtors and U.S. Bank agreed that no evidentiary hearing was necessary and that the Claims Objections should be decided based solely on the documentation before the Court.  As the Debtor still questioned U.S. Bank's ownership of the account on which Proof of Claim 4 is based, the Court directed U.S. Bank to file an affidavit regarding its acquisition of all of the assets of Colorado National Bank, with the Debtor given leave to file any final response after the affidavit was filed.  U.S. Bank's Affidavit and the Debtors Final Summation of Objections ("Final Summation") have been filed and this matter is now ripe for determination.

As an initial matter, the Court notes that it is troubled by the Claim Objections.  As the Debtors concede, all of the Claims match accounts listed in the Debtors' Schedule F that were not listed as disputed, contingent or unliquidated.  In addition, the amounts claimed either match or vary only slightly from the amounts scheduled for each account.  In objecting to the Claims Objections, the chapter 7 trustee has argued that the Debtors' Schedule F constitutes an admission against interest and that since each creditor has supplied documentation with their claim amendments, the Claim Objections should be denied.

The Tenth Circuit, however, has adopted a more liberal standard with respect to claims objections, which is binding on this Court. Pursuant to 11 U.S.C. § 502, a timely filed claim is deemed allowed absent objection. Once an objection is filed, however, the creditor bears the burden of proof as to the validity and amount of the claim. *Agricredit Corp. v. Harrison*, 987 F.2d 677, 680 (10th Cir. 1993). While the Bankruptcy Code does not define "proof of claim," Fed.R.Bank.P. 3001(a) states: "A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." Official Form 10 is the proof of claim form. At the time that the Claims were filed, section 7 of Official Form 10 directed a claimant to "[a]ttach redacted copies of any documents that support the claim, such as promissory notes, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary." Paragraph 7 of the Instructions, appearing on the back of Official Form 10, stated: "You must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, you must attach an explanation of why they are not available." Once a claim objection is filed, a claim will be disallowed if the claimant does not either produce documents to support its claim or explain its failure to provide supporting documents, regardless of whether the claim amount was also scheduled by the debtor. *In re Kirkland*, 572 F.3d 838, 840-41 (10th Cir. 2009). With this standard in mind, the Court turns to the specific Claims at issue in this case.

### Amended Proof of Claim 1

The Final Summation renews Debtors' objection to Proof of Claim 1, filed by Discover Bank, on the basis that the documentation provided with the amended proof of claim only tracks the amount claims from a "previous balance" of $8,309.86, but does not show exactly how the claim went from zero to the amount claimed. While the statements attached to the amended proof of claim do show late fee amounts, as well as how interest was calculated for each particular statement and category of charge, the statements attached do not demonstrate how the "previous balance" listed in the earliest statement was calculated and its components, nor is there a summary of the statements prior to those attached or an explanation of why they are not available. Accordingly, Discover Bank has failed to meet its burden of proof and its claim must be disallowed.

### Amended Proof of Claim 4

The Debtor's Final Summation concedes that U.S. Bank has now provided sufficient documentation of how the amount of the claim was calculated, but nonetheless renews the objection on the basis that it "appears" the account was "transferred" from Colorado National Bank to U.S. Bank and the documents showing the transfer were not attached. The Affidavit filed by U.S. Bank, however, makes it clear that the account was not "transferred" from Colorado National Bank to U.S. Bank, as the Debtors believe. Instead, U.S. Bank is simply the current name of the surviving entity formed by the merger of Colorado National Bank into First Bank National Association of Minneapolis, which then merged into First Bank National Association, East Grand Forks, Minnesota, changed its name to U.S. Bank National Association

and then merged into U.S. Bank National Association in Cincinnati, Ohio.  In simple terms, U.S. Bank is not a transferee, it is the current name of the former Colorado National Bank as the surviving entity of mergers and a name change.  There was no "transfer" and thus no transfer documents needed to be provided.  As such, the Debtors' objection to Proof of Claim 4 must be denied.

### Amended Proofs of Claim 7 and 8

The Debtor's Final Summation asserts only one remaining objection to Proofs of Claim 7 and 8 - the lack of a cardholder agreement.  The documentation attached to Amended Proofs of Claim 7-3 and 8-3 includes a letter sent by U.S. Bank to Debtors' counsel explaining that the cardholder agreement is not available because U.S. Bank only retains cardholder applications for 25 months and the accounts were opened in 2002 and 2003, respectively.  The Court finds that this explanation, which is contemplated by the instructions of Official Form 10, is sufficient and the Debtors' objection to Proofs of Claim 7 and 8 should be denied.

### Amended Proof of Claim 9

The Debtor's Final Summation renews their objection to Proof of Claim 9 on the basis that the documentation attached to the amended Proof of Claim begins with a previous balance $422.11 and does not explain how that balance was computed.  While the final statement shows the charge off of the amount due, splitting it into principal and interest, no documentation has been submitted to show how the principal amount was determined.  Nor did Recovery Management Systems provide a summary of the statements prior to those attached to its proof of claim or explain why the documentation was not available.  As such, Recovery Management Systems has failed to meet its burden of proof and the claim must be disallowed.

### Amended Proof of Claim 10

The Debtor's Final Summation renews their objection to Proof of Claim 10 on the bases that: (1) the documentation attached to the amended proof of claim begins with a previous balance in the amount of $4,060.72, but does not show how that amount was accrued; and (2) the account appears to have been transferred from Bank of America to American Infosource LP as agent of FIA Card Service, but no transfer documents are attached.  This latter objection is without merit as amended Proof of Claim 10-2 now lists the name of the claimant as "American Infosource LP as agent for FIA Card Services, NA/Bank of America."  The Debtors are correct, however, that the documentation attached does not show how the "previous balance" came into existence and there is no summary of prior statements or explanation of why such documentation was unavailable.  Therefore, American Inforsource LP has failed to meet its burden of proof and Proof of Claim 10 must be disallowed.  It is therefore

ORDERED that:

1. The Debtors' Objection to Proof of Claim No. 1 filed by Discover Bank is

        GRANTED and Proof of Claim No. 1 is DISALLOWED;
2. The Debtors' Objections to Proofs of Claim No. 4, 7 and 8 filed by U.S. Bank is DENIED and Proofs of Claim Nos. 4, 7 and 8 are ALLOWED as amended;
3. The Debtors' Objection to Proof of Claim No. 9 filed by Recovery Management Systems is GRANTED and Proof of Claim No. 9 is DISALLOWED;
4. The Debtors' Objection to Proof of Claim No. 10 filed by American Infosource LP is GRANTED and Proof of Claim No. 10 is DISALLOWED.

DATED: February 6, 2012.

                              BY THE COURT:

                              Elizabeth E. Brown,
                              United States Bankruptcy Judge